IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00721-GPG

CATHERINE E. WALKER,

    Plaintiff,

v.

STATE OF COLORADO,
EL PASO COUNTY,
CITY OF COLORADO SPRINGS,
MAACO-HERTZ RENTAL CAR CO.,
CORRECTIONAL HEALTHCARE,
ARAMARK FOOD & SALES, and
FEDERAL GOVERNMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Catherine E. Walker, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Ms. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Walker will be ordered to file an amended complaint if she wishes to pursue any claims in this action.

    The Complaint is deficient. First, Ms. Walker fails to provide an address for each Defendant. Ms. Walker must provide a complete address for each Defendant so that they may be served properly.

    The Complaint also does not comply with the pleading requirements of Rule 8 of

the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Walker fails to provide a short and plain statement of the grounds for the court's jurisdiction because she does not list any statutory authority for her claims in the jurisdiction portion of the Complaint. (*See* ECF No. 1 at 2.)

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted). Therefore, Ms. Walker must identify the statutory authority that allows the court to consider the claims she is asserting in this action.

Ms. Walker also fails to provide a short and plain statement of her claims showing she is entitled to relief. Ms. Walker's vague and conclusory references to various legal theories in the Complaint do not satisfy the pleading requirements of Rule 8. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992); *see also Hall*, 935 F.2d at 1110 ("[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). Furthermore, neither the Court nor Defendants are required to sift through the 38 pages of documents attached to the Complaint in order to ascertain what claims Ms. Walker may be asserting in this action. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In order to comply with the pleading requirements of Rule 8 Ms. Walker must present her claims clearly and concisely in a format that allows the court and

Defendants to know what claims are being asserted and to be able to respond to those claims.  Thus, Ms. Walker must identify the specific claims she is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Accordingly, it is

    ORDERED that Ms. Walker file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

    FURTHER ORDERED that Ms. Walker shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

    FURTHER ORDERED that, if Ms. Walker fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

    DATED May 12, 2015, at Denver, Colorado.

                      BY THE COURT:

                            S/ Gordon P. Gallagher

                            United States Magistrate Judge